# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: May 14, 2026
Reissued for Public Availability: June 8, 2026

```
* * * * * * * * * * * * *   *
HECTOR DELGADO and           *
THAIS DELGADO, parents and legal *
guardians of minor child, S.D., *
                             *
        Petitioners,         *      No. 25-1944
                             *
v.                           *      Special Master Young
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
        Respondent.          *
* * * * * * * * * * * * *   *
```

*Hector and Thais Delgado*, *pro se*, Kennesaw, GA, for Petitioners.
*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING RESPONDENT'S MOTION TO DISMISS[1]

On November 13, 2025, Hector and Thais Delgado ("Petitioners") filed a petition for compensation in the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program")[2] on behalf of their minor child, S.D. Pet., ECF No 1. Petitioners alleged S.D. suffered injuries, including eczema, resulting from a diphtheria, tetanus, and acellular pertussis ("DTaP") vaccine administered on November 14, 2018.[3] *Id.* In Petitioners' petition, it was acknowledged that the claim was filed outside the three-year statute of limitations imposed by the Vaccine Act; however, Petitioners argued that "[u]nder 42 U.S.C. § 300aa-16(a)(2), minor status and ongoing injury justify filing beyond [the three]-year discovery deadline." *Id.* at 3. On April 22, 2026, Respondent filed his Rule 4(c) report and a motion to dismiss Petitioners' claim on the basis that it was filed outside the statute of limitations. Resp't's Mot., ECF No. 13; Resp't's Rep., ECF No. 14 at 7–8.

---

[1] Pursuant to Vaccine Rule 18(b), this decision as initially filed on May 14, 2026, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this decision is reissued in its original form for posting on the court's website.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] S.D. also received the hepatitis B, rotavirus, pneumococcal conjugate-13, haemophilus influenzae type B, and polio vaccines at this visit. However, Petitioners are not claiming any of these vaccines caused the alleged injury. *See* Pet. at 1–2.

Given the threshold nature of the statute of limitations issue, on April 23, 2026, I ordered Petitioners to file a response to Respondent's motion to dismiss addressing the timeliness of their claim and presenting any arguments justifying the equitable tolling of the statute of limitations. ECF No. 15. On May 1, 2026, Petitioners filed a response to Respondent's motion and presented three reasons why their claim should be allowed to proceed: (1) that the Petitioners' circumstances warrant a later start to the running of the statute of limitations for the filing of their claim; (2) that equitable tolling of the statute of limitations is warranted due to the diligence of Petitioners and their extraordinary circumstances; and (3) that "dismissal would be inappropriate at this stage" due to factual disputes regarding injury onset and the "interpretation of medical records." Pet'r's Response at 1–6, ECF No. 16.

"A motion to dismiss for failure to state a claim upon which relief may be granted 'is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy.'" *W.J. by R.J. v. Sec'y of Health & Hum. Servs.*, 93 F.4th 1228, 1235 (Fed. Cir. 2024) (quoting *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Section 16(a) of the Vaccine Act provides the time limitations to file claims for vaccine-related injuries or death occurring as a result of the administration of vaccines set forth in the Vaccine Injury Table. Claims for vaccine-related injuries from vaccines administered after October 1, 1988, must be filed within 36 months after the "date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury," regardless of whether the symptoms are sufficient for a diagnosis. § 16(a)(2); *see also Carson v. Sec'y of Health & Hum. Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013). Further, "[t]he Vaccine Act contains no tolling provision" for the statute of limitations. *W.J. by R.J.*, 93 F.4th at 1238.

Petitioners first contend that their claim should proceed because the circumstances surrounding S.D.'s condition warrant a later start to the running of the Vaccine Act's statute of limitations. Petitioners present four arguments in support of this contention: (1) that Respondent mischaracterized S.D.'s onset date as December 2018 instead of early 2019; (2) that "the onset of a compensable injury was not medically recognizable in 2018;" (3) that "Petitioners reasonably relied on medical advice and had no basis to file earlier;" and (4) that "the progressive nature of S.D.'s condition supports a later trigger date." Pet'r's Response at 2–5. Petitioners' arguments regarding the disputed onset date of S.D.'s condition are based on a factual allegation that must be taken as true at this stage in the litigative process, pursuant to the standard established in *Ashcroft* and *Twombly*. However, even when construing the facts of the case in the light most favorable to Petitioners, their arguments are insufficient to push Petitioners' claim into compliance with the Vaccine Act's statute of limitations. Indeed, the date proposed by Petitioners would place the onset of S.D.'s symptoms as "early 2019." Pet'r's Resp. at 2. Under the Vaccine Act's statute of limitations, the clock on a vaccine claim begins to run "after the date of the occurrence of the first symptom or manifestation of onset . . . of such injury." § 16(a)(2). This would place the outer limits of the statute of limitations period for S.D.'s injury in early 2022, three years after the onset in "early 2019." *See* Pet'r's Resp. at 2. A precise identification of the onset of S.D.'s injury is therefore unwarranted because Petitioners filed their petition on November 11, 2025, at least three

years later. *See* Pet. This places Petitioners' petition far outside the acceptable limit prescribed by Congress under the Vaccine Act for the timely filing of vaccine claims.

Petitioners offer three more arguments in support of a later triggering of the statute of limitations, all three of which relate to the progressive and subtle nature of S.D.'s condition and the medical advice that followed that progression. They contend that the lack of a cognizable injury in 2018, S.D.'s nonspecific symptoms, a delayed diagnosis in 2020, and the Petitioners' "reasonable reliance on medical advice" regarding the "temporary" nature of S.D.'s condition, made S.D.'s injury "not immediately identifiable as a compensable injury," and thus justify a later trigger for the statute of limitations. Pet'r's Response at 3–5. Petitioners further argue that the holding of *Cloer v. Sec'y of Health & Hum. Servs.* "presumes a clear and identifiable injury" when determining the trigger of the Vaccine Act's statute of limitations. *Id.* at 3–4; 654 F.3d 1322, 1327 (Fed. Cir. 2011) (en banc). Therefore, Petitioners argue that S.D.'s lack of an immediately recognizable medical diagnosis warrants a later trigger of the statute of limitations. However, this reading of *Cloer* misstates the central holding of the case.

*Cloer* involved a petitioner who received hepatitis B ("Hep B") vaccines in 1996 and 1997, developed multiple sclerosis ("MS") in 1997, and did not file her petition in the Program until 2005 after she learned of a potential causal link between the Hep B vaccine and her MS in 2004. *See Cloer*, 654 F.3d at 1324, 1344. In upholding the special master's decision to dismiss the petitioner's claim as untimely, the Federal Circuit went to great lengths to explain the Congressional intent behind the statute of limitations imposed in the Vaccine Act, notably identifying two versions of the bill that were discussed among lawmakers. *See id.* at 1326–27. The first, H.R. 1780, provided that "any claim under this title that is filed more than two years after the first manifestation of a vaccine-related injury shall be barred." *Id.* at 1326 (citing National Childhood Vaccine–Injury Compensation Act of 1985, H.R. 1780, 99th Congress § 2112(a) (1985)). The second, S. 827, provided a different approach, stating that actions for compensation "shall be barred if the petitioner fails to file the action . . . within [five] years after the occurrence of the compensable complication or residual effect of the illness, disability [or] injury." *Id.* (citing National Childhood Vaccine Injury Compensation Act of 1985, S. 827, 99th Congress § 2106(a) (1985)). The S. 827 bill also did not apply if "a petitioner could demonstrate that she either (a) did not receive the parent information about vaccines required under the bill, or (b) did not know the complication or effect of her injury was compensable under the program." *Id.* at 1326 (citing National Childhood Vaccine Injury Compensation Act of 1985, S. 827, 99th Congress § 2106(b) (1985)). The approach contained in H.R. 1780 was ultimately adopted by Congress in the Vaccine Act. The more lenient approach of S. 827, which allowed for a petitioner's ignorance of their claim to justify a later-filed petition, was rejected. The Federal Circuit explained this process in *Cloer*, and concluded that "the Vaccine Act, as enacted, reflects a specific decision by Congress that the Act's statute of limitations would begin to run . . . on the date that [the] injury first became symptomatic or manifested." *Cloer*, 654 F.3d at 1327.

Despite Petitioners' argument to the contrary, *Cloer* makes no distinction between "a clear and identifiable injury" and those which immediately lack a medically recognizable diagnosis or condition. Rather, *Cloer* reinforces Congress' intent for the clock on Vaccine Act claims to begin "on the date that [the] injury ***first became symptomatic or manifested***." *Cloer*, 654 F.3d at 1327 (emphasis added). Congress explicitly rejected the approach that would have allowed the

ignorance of one's claim to stay the statute of limitations, and the Federal Circuit has consistently held that the first symptom or manifestation of an injury, not its diagnosis, begins the clock on Vaccine Act claims. *See Carson*, 727 F.3d at 1369 ("[I]t is the first symptom or manifestation of an alleged vaccine injury, ***not first date when diagnosis would be possible***, that triggers the statute of limitations under [the Vaccine Act].") (emphasis added); *see also Markovich v. Sec'y of Health & Hum. Servs.*, 477 F.3d 1353, 1358 (Fed. Cir. 2007) (explaining that the first symptoms or manifestation of onset might include subtle symptoms that a petitioner would recognize "only with the benefit of hindsight, after a doctor makes a definitive diagnosis of injury"). Accordingly, Petitioners' arguments regarding the evolving and nonspecific nature of S.D.'s symptoms and their reliance on medical advice to this point are insufficient to move the trigger for the Vaccine Act's statute of limitations beyond early 2019, when S.D.'s eczema symptoms allegedly began to manifest.

Next, Petitioners argue the doctrine of equitable tolling should be applied to their claim due to their diligence in pursuing medical care and their extraordinary circumstances, which include "[m]isdiagnosis[, S.D.'s e]volving condition[, l]ack of clear onset[, and a]bsence of medical guidance linking the condition to vaccination." Pet'r's Response at 5–6. "Equitable tolling pauses or 'tolls' a statutory limitations period, serving to extend otherwise explicit timing limitations on filing set by Congress. *W.J. by R.J.*, 93 F.4th at 1239 (citing *Arellano v. McDonough*, 598 U.S. 1, 6 (2023)). Such tolling is generally available "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Alvarez*, 572 U.S. 1, 10 (2014). The Federal Circuit has held that equitable tolling may be used to toll the Vaccine Act's statute of limitations in cases involving fraud, duress, and mental incapacity. *Cloer*, 654 F.3d at 1344; *K.G. v. Sec'y of Health & Hum. Servs.*, 951 F.3d 1374, 1380 (Fed. Cir. 2020). However, "[l]ack of knowledge of an actionable claim is not [] a basis for equitable tolling." *K.G.*, 951 F.3d at 1380; *see also Cloer*, 654 F.3d at 1344 (denying equitable tolling where petitioner was unaware a vaccine could have caused her injury until learning of the possibility seven years after the manifestation of her injury). The minor status of a represented petitioner is also not a sufficient basis to invoke the doctrine of equitable tolling. *W.J. by R.J.*, 93 F.4th at 1241.

Applying the above caselaw to Petitioners' present circumstances, I find that the requirements for the doctrine of equitable tolling have not been met. Petitioners' request for equitable tolling relies on their misunderstanding of S.D.'s condition, their lack of knowledge connecting his condition to potential vaccine causation, and S.D.'s minor status. However, as explained by the Federal Circuit, the "[l]ack of knowledge of an actionable claim is not [] a basis for equitable tolling." *K.G.*, 915 F.3d at 1380; *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (noting that equitable tolling is to be used "sparingly" in federal cases and has been limited to cases involving deception or the timely filing of a procedurally defective pleading). The Court in *Cloer* also addressed this issue directly. After the Court rejected the existence of an implied discovery rule in the Vaccine Act's the statute of limitations, the Court similarly dismissed the petitioner's argument that the same relief could be granted through the doctrine of equitable tolling. 654 F.3d at 1344. To ask for this relief under the doctrine of equitable tolling would be to ask "for the same relief as a matter of equity that Congress has withheld from all petitioners as a matter of law." *Id.* Further, S.D.'s minor status is also an insufficient reason to invoke the doctrine of equitable tolling. *See W.J. by R.J.*, 93 F.4th at 1241. Because Petitioners' request for equitable tolling rests on reasoning explicitly rejected by the Federal Circuit, and because Petitioners have

not presented an otherwise acceptable extraordinary circumstance to invoke the doctrine of equitable tolling, I must decline to do so in this case. I also need not reach the issue of whether Petitioners' diligence was sufficient.

Petitioners' final argument is that outstanding factual issues regarding the onset of S.D.'s injury, the nature of S.D.'s early symptoms, and the interpretation of medical records remain to be decided, and thus the case should be allowed to proceed. Pet'r's Response at 6. In ruling on a motion to dismiss, these factual disputes are construed in the light most favorable to the non-moving party. *Ashcroft*, 556 U.S. at 678. First, as noted above, accepting Petitioners' factual allegations as true regarding onset would place S.D.'s symptom onset in early 2019, well outside the three-year statute of limitations under the Vaccine Act. Second, Petitioners argue that S.D.'s early symptoms in 2018 were the result of a candida infection, a condition distinct from the eczema S.D. allegedly began to suffer in early 2019. *See* Pet'r's Response at 2. Accepting this as true would still place S.D.'s symptom onset in early 2019 as argued by Petitioners, and thus still fall outside the acceptable window for the filing of claims under the Vaccine Act. Finally, Petitioners argue that a dispute remains regarding the "[i]nterpretation of medical records." Pet'r's Response at 6. However, Petitioners do not identify any medical records in dispute or provide their own position as to the interpretation of S.D.'s medical records. Accordingly, there are no factual disputes to resolve that are relevant to this point of petition timelines. Having reviewed these facts in the light most favorable to Petitioners, their claim is still insufficient to overcome the statute of limitations issue presented by the Vaccine Act.

Petitioners admit that their claim is based on injuries that arose over three years prior to the filing. Pet. at 1, 3. The petition is therefore facially deficient to pursue a claim in the Program, as these claims fall outside the statute of limitations prescribed by the Vaccine Act and do not warrant an invocation of the doctrine of equitable tolling. *See* § 16(a)(2). Accordingly, I hereby GRANT Respondent's motion to dismiss and DISMISS Petitioners' claim for a lack of jurisdiction.[4]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.